UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FERMÍN RAMOS SOBERANO,<br><br>Petitioner,<br><br>v.<br><br>ANDREA ARREYGUE GUILLEN,<br><br>Respondent. | CASE NO. C21-1084 RSM<br><br>ORDER DEFERRING A RULING ON PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |

On September 30, 2021, the Court held a hearing on Petitioner Fermín Ramos Soberano's Motion for Ex Parte Immediate Temporary Restraining Order and Order to Show Cause. Dkt. #7. Respondent, Andrea Arreygue Guillen, still has not yet appeared in this action and did not attend the hearing on Mr. Ramos' motion. That motion seeks a court order:

(1) making it unlawful for Ms. Arreygue to move her children out of Western Washington or Snohomish County;

(2) making it unlawful for Ms. Arreygue to allow other persons to move her children out of Western Washington or Snohomish County;

(3) requiring daily video communications between Mr. Ramos and their children;

(4) requiring Ms. Arreygue to surrender all her travel documents to the Court;

ORDER – 1

(5) requiring Ms. Arreygue to post a forfeitable bond of $25,000 to assure that she follows the Court's order;

(6) requiring Ms. Arreygue to show cause why the Court should not order her children back to Mr. Ramos in Mexico;

(7) waiving any requirement for Mr. Ramos to post a bond;

(8) setting a scheduling for this case to proceed, with or without Ms. Arreygue's participation; and

(9) setting a date for final action in this case in the next months.

*See* Dkt. #7.

Because Ms. Arreygue was not present and did not participate, the Court only heard Mr. Ramos' story of events which could lead to the conclusion that Ms. Arreygue illegally took her children from Mexico to the United States.[1] Mr. Ramos made a convincing argument that the

---

[1] Immigration status is unrelated to this case. Access to the courts should be assured for all individuals so that justice may be done. Even U.S. Immigration and Customs Enforcement (ICE) recognizes that

> [t]he courthouse is a place where the law is interpreted, applied, and justice is to be done. As law enforcement officers and public servants, we have a special responsibility to ensure that access to the courthouse – and therefore access to justice, safety for crime victims, and equal protection under the law – is preserved.

Memorandum, from the Acting Director of U.S. Immigration and Customs Enforcement and the Acting Commissioner of U.S. Customs and Border Protection, on Civil Immigration Enforcement Actions in or near Courthouses (April 27, 2021), *available at* https://www.ice.gov/sites/default/files/documents/ciEnforcementActionsCourthouses2.pdf. That memorandum further provides that

> [a] civil immigration enforcement action may be taken in or near a courthouse if (1) it involves a national security threat, or (2) there is an imminent risk of death, violence, or physical harm to any person, or (3) it involves hot pursuit of an individual who poses a threat to public safety, or (4) there is an imminent risk of destruction of evidence material to a criminal case.

*Id.*

ORDER – 2

1  Court should grant him the relief he is seeking.  But the Court was concerned that Ms. Arreygue

2  had only received emails and phone messages alerting her to the hearing and had not been

3  formally served papers in this case.  Mr. Ramos' difficulty in formally serving Ms. Arreygue

4  does not necessarily stop the Court from granting the relief that Mr. Ramos is requesting.

5        The Court is concerned primarily with the welfare of Mr. Ramos' and Ms. Arreygue's

6  children.  If Ms. Arreygue does not participate in this case, the Court may enlist the assistance of

7  the United States Marshals, a law enforcement agency, to formally serve Ms. Arreygue or to

8  enforce the Court's order.  The Court believes that the children seeing their mother arrested and

9  taken into federal custody is likely to negatively impact them.  Similarly, if Ms. Arreygue were

10 to be arrested, the children may be placed into the custody of Child Protective Services.  Neither

11 of these outcomes are desirable.  Mr. Ramos has also indicated that he does not want the children

12 to be forcibly taken from Ms. Arreygue because of the negative impact that such an event would

13 have on the children.  The way for the parties to avoid this is to cooperate and reach mutually

14 agreeable solutions that will best protect the children from the negative aspects of this

15 proceeding.

16       Accordingly, the Court DEFERS consideration of Mr. Ramos' order for one week.

17 Counsel for Mr. Ramos is directed to make further attempts to serve Ms. Arreygue, who is

18 encouraged to accept formal service and participate in this case.[2]  Mr. Ramos is directed to update

---

[2] If Ms. Arreygue is concerned about her ability to represent herself in this case, she may be afforded free legal counsel through the Court's Pro Bono Panel.

> [The Pro Bono Panel] has been established for the purpose of providing counsel for individuals who do not have the means to obtain counsel on their own.  A Screening Committee of lawyers review the merits of each case in which a plaintiff applies for counsel.  The court generally appoints counsel only in cases approved by the Screening Committee.

*See* https://www.wawd.uscourts.gov/attorneys/pro-bono-panel.

ORDER – 3

the Court, no later than 5:00 p.m. on October 7, 2021.  Following Mr. Ramos' update on the status of service in this case, the Court will determine how to proceed.

DATED this 30th day of September, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4