UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FERMÍN RAMOS SOBERANO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ANDREA ARREYGUE GUILLEN,<br><br>　　　　　Respondent. | CASE NO. C21-1084 RSM<br><br>ORDER |

This matter is an international child custody dispute in which Petitioner Fermín Ramos Soberano alleges that his children were wrongfully removed from Mexico, their country of habitual residence. Petitioner seeks a court order returning them to Mexico. On October 14, 2021, the Court issued an Order Granting Motion for Temporary Restraining Order. Dkt. #25. That Order restrained Respondent Andrea Arreygue Guillen and others, from engaging in certain activities, required Respondent to undertake certain other actions, and ordered her to appear before the Court on October 26, 2021, at 9:00 a.m. to show cause why the Court's Order should not be converted to a preliminary injunction or a final order on the Petition for return of the children. *Id.* at 12–14.

//

//

ORDER – 1

Respondent failed to appear for the Court's scheduled hearing and has otherwise not participated in this action. However, Petitioner also has not formally served Respondent in this matter.

A court may issue a temporary restraining order without written or oral notice to the adverse party under certain circumstances. *See* FED. R. CIV. P. 65(b)(1). The Court previously found that those circumstances were satisfied here. Dkt. #25. But a temporary restraining order expires fourteen days after it is issued, unless the court extends it for good cause. FED. R. CIV. P. 65(b)(2). Alternatively, a temporary restraining order may be converted to a preliminary injunction. FED. R. CIV. P. 65(b)(3). But "[t]he court may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a)(1).

As the Court has previously found, and despite Respondent not being personally served in this action, Respondent has received actual notice of this action.

> Petitioner has obtained the address, phone numbers, and email address which Respondent provided to the Edmonds School District, where the children attend school. Petitioner's process server has visited Respondent's residence multiple times, but no one has answered the door, despite indications that persons were within the residence. Petitioner has left phone messages and has sent text messages, emails, and postal mail to Respondent. Petitioner has contacted Respondent's brother and has provided him notice of the proceedings. In these circumstances, the Court concludes that Respondent has presumptively received notice of these proceedings and has voluntarily failed to appear.

Dkt. #25 at 7. Petitioner has made further efforts to provide Respondent notice of the Court's temporary restraining order and order for Respondent to appear at the Court's scheduled hearing. These additional efforts have included notice by mail, email, voicemail, and text messaging. Dkt. #27. Additionally, Petitioner has submitted records from the Edmonds School District verifying that Respondent provided these addresses, phone numbers, and email addresses as means for contacting her when she registered the children to attend school. Dkt. #26.

ORDER – 2

Concerned, as the Court must be, with protecting the well-being of the children while protecting the rights of the parents, the Court is not inclined to enter a final order in this matter without Respondent's appearance. However, the Court is mindful that Petitioner has made numerous attempts to assure that Respondent is afforded notice of these proceedings and an opportunity to respond. Accordingly, the Court will order the United States Marshal to effect service on Respondent. *See* Fed. R. Civ. P. 4(c)(3); 22 U.S.C. § 9004(a).

Accordingly, the Court finds and ORDERS:

1. The Court's Order Granting Motion for Temporary Restraining Order (Dkt. #25) is converted to a preliminary injunction, on the same terms, which shall remain in force until further order of the Court.

2. The final evidentiary hearing in this matter is continued until Thursday, November 18, 2021 at 1:00 p.m. at the Seattle Courthouse of the United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, Washington, in Courtroom 13206.

    a. Respondent shall appear before the Court at that time and place and shall show cause why this Court should not order that the children be returned to Mexico and why Respondent should not be held in contempt.

    b. Respondent shall appear before the Court at that time and place and shall present all evidence tending to show that the Court should not order the children returned to Mexico, including but not limited to evidence relating to the habitual residence of the children, Petitioner's custodial rights, Petitioner's exercise of his custodial rights, Respondent's authority to remove the children from Mexico under the Family Court's order, and such other matters as may be relevant to this matter.

ORDER – 3

3. The United States Marshals Service is hereby directed to effect personal service upon Respondent, Andrea Arreygue Guillen, with reasonable haste, but not later than November 15, 2021. The Marshals shall make all reasonable efforts to personally serve Respondent wherever she may be found, including her presumed address: 18609 36th Avenue West, Apt. H-103, Lynnwood, Washington, 98037. This directive may be carried out or enforced in the daytime or the nighttime.

4. The Marshals shall serve Respondent with copies of:

   a. The summons in a civil action (Dkt. #16);

   b. The verified petition (Dkt. #1);

   c. Petitioner's motion for a temporary restraining order (Dkt. #7);

   d. The Court's order deferring consideration of Petitioner's motion for a temporary restraining order (Dkt. #21);

   e. The Court's order granting a temporary restraining order (Dkt. #25); and

   f. This Order (Dkt. #30).

DATED this 26th day of October, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4