1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FERMÍN RAMOS SOBERANO,

                    Petitioner,

        v.

ANDREA ARREYGUE GUILLEN,

                    Respondent.

CASE NO. C21-1084 RSM

ORDER

        This matter is before the Court sua sponte and in advance of the scheduled December 17, 2021 hearing to address several motions and issues which have arisen since the hearing was set.

        The parties were last before the Court on November 18, 2021 for an in-court hearing. That hearing was the first proceeding after Respondent Andrea Arreygue Guillen was served in this matter and Respondent made her first appearance, without counsel. At the hearing, the Court determined that the interests of justice would best be served if pro bono counsel could be identified to appear on Respondent's behalf. The Court continued the November 18 hearing to December 17, 2021, and began the process of appointing pro bono counsel. *See* Dkt. #35.

        On December 9, 2021, Petitioner filed a Motion/Declaration for Default Order. Dkt. #36.

        On December 10, 2021, Petitioner filed a Motion/Declaration for Appointment of Interpreter at Public Expense. Dkt. #38.

ORDER – 1

1

2

3

4

On December 15, 2021, the Court filed an order appointing counsel to represent Respondent in this matter.  Dkt. #39.  Counsel subsequently appeared on Respondent's behalf, indicated that counsel had several potential scheduling conflicts in the near future, and filed Respondent's Motion to Continue Evidentiary Hearing.  Dkts. ##40–43.

5

6

On December 16, 2021, Petitioner responded to the Respondent's motion to continue, objecting to any continuance and requesting additional relief.  Dkts. ##44–45.

7

The Court addresses the issues raised in turn.

8

**A. Motion for Entry of Default**

9

10

11

12

13

14

15

16

Petitioner's motion for default is based, primarily, on Respondent's failure to file an answer to his Petition and failure to provide notice of her claims and defenses to the Petition.  *See generally* Dkt. #36.  Petitioner additionally seeks affirmative relief including the Court's adoption of findings of fact and conclusions of law based on judicial notice of prior filings, an order granting all Petitioner's requested relief and ordering the children back to Mexico, a hearing on the logistics of the return, consideration of contempt proceedings, and attorney's fees.  *Id.* at 1–2.  The motion was not noted for the Court's consideration and indicated it had been served, electronically, on the same day of filing, December 9.

17

18

Petitioner's motion suffers from several procedural errors and should be denied on those grounds.  Even if considered, Petitioner's motion fails on the merits.

19

20

21

22

23

24

Most glaringly, Petitioner did not provide the notice required by the Court's local rules.  Where the party against which default is sought has appeared, as here, "the moving party must give the defaulting party written notice of the requesting party's intention to move for the entry of default at least fourteen days *prior* to filing its motion and must provide evidence that such notice has been given in the motion for entry of default."  LOCAL CIVIL RULES W.D. WASH. LCR 55(a).  The motion is appropriately denied on that basis alone.

ORDER – 2

1        Further, the motion appears to combine the request for entry of default with a motion for

2   default judgment.  *See* LOCAL CIVIL RULES W.D. WASH. LCR 55(b)(1) ("No motion for judgment

3   by default should be filed against any party unless the court has previously granted a motion for

4   default against the party pursuant to LCR 55(a) or unless default otherwise has been entered.").

5   The motion also did not indicate the date on which it was noted for the Court's consideration.

6   LOCAL CIVIL RULES W.D. WASH. LCR 7(b)(1) ("All motions shall include in the caption

7   (immediately below the title of the motion) the date the motion is to be noted for consideration

8   upon the court's motion calendar.").  Within the Court's electronic filing system, Petitioner noted

9   his motion for Thursday, December 16, 2021.  Petitioner's motion for default is a "same day

10  motion" and may be noted on the day that it is filed.  LOCAL CIVIL RULES W.D. WASH. LCR

11  7(d)(1).  But, because Petitioner did not note the motion for consideration on the day that it was

12  filed, it is not a same day motion and should be noted in accordance with the rules.  LOCAL CIVIL

13  RULES W.D. WASH. LCR 7(d)(2) ("Except for same day motions, all other motions shall be noted

14  for consideration on a Friday.").  The motion is also appropriately denied for these reasons.

15       The Court would also deny the motion substantively as counsel has now appeared on

16  Respondent's behalf.  The Court prefers that this matter proceed on its merits.  While the Court

17  understands the difficulty of pursuing an action and preparing for a hearing without the benefit

18  of responses from Respondent, Petitioner points to no prejudice at this point and the Court

19  expects that things will proceed more smoothly now that counsel has appeared on Respondent's

20  behalf.

21  **B. Motion to Continue**

22       As noted, counsel for Respondent were appointed on December 15, 2021.   Upon

23  appearing, they requested a continuance of the hearing scheduled to occur two days later.  Dkt.

24  #43.  The parties were unable to discuss the possibility of an agreed continuance prior to the

ORDER – 3

1  motion being filed.[1]  *Id.* at 43 at 2.  Regardless, Petitioner has now filed an objection to the
2  continuance.

3         The parties apparently dispute the appropriate legal standard to apply.  Respondents
4  maintain that the Court merely needs to find good cause to alter a date or deadline it previously
5  set. Dkt. #43 at 1 (citing LOCAL CIVIL RULES W.D. WASH. LCR 16(a)(2)).  Petitioner appears to
6  adopt the standard applied by the Court of Appeals to determine whether the denial of a
7  continuance was an abuse of discretion.  Dkt. #44 at 4 (advocating for consideration of (1) the
8  moving party's diligence, (2) whether the continuance will satisfy the need for the continuance,
9  (3) the inconvenience to the court and parties, and (4) prejudice).  Both parties note the Court's
10 inherent power to control its docket.  *See Landis v. North American Co.*, 299 U.S. 248, 255 (1936)
11 (noting "power inherent in every court to control the disposition of the causes on its docket with
12 economy of time and effort for itself, for counsel, and for litigants").  Under any of these tests
13 the decision is entrusted to judicial discretion and the Court finds that a continuance is
14 appropriate.

15        Most importantly, a continuance serves the interests of justice.  The same rationale
16 supported the Court's earlier decision to appoint counsel.  The Court is aware of the difficulties
17 faced by all those involved and is concerned, most of all, with the children's best interests.  The
18 Court believes that justice and the children's interests are best served by a full hearing on the
19 merits where both parties are represented by counsel that can best represent the parties' interests.

---

[1] The Court is mindful that it is considering the motion prior to its properly set noting date.  The Court does so to avoid the inconvenience of an abbreviated in-person hearing similarly resulting in a continuance.  Additionally, the Court notes, with great importance, that Petitioner has taken the opportunity to object and be heard on Respondent's motion for a continuance. Dkts. ##43–44.

ORDER – 4

Further, counsel for Respondent appeared just two days before the scheduled hearing and filed their motion for a continuance the same day.  While Petitioner argues that two attorneys can quickly come up to speed and prepare for the hearing without a continuance, the Court is not required to ignore the attendant impacts of forcing them to do so.  The Court finds that Respondent's counsel expeditiously sought a continuance after being appointed and that a continuance is necessary to permit them adequate time to prepare Respondent's case.

Nevertheless, the Court is mindful of Petitioner's two primary objections: (1) further delay in this proceeding, and (2) possible prejudice to Petitioner.

The Convention on the Civil Aspects of International Child Abduction prescribes that the Court is "to act expeditiously in proceedings for the return of children."  Hague Convention on the Civil Aspects of International Child Abduction, art. 11, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89 (*effective* July 1, 1988) (the "Convention").  The Supreme Court has described this provision as a "six-week target time for resolving a return-order petition."  *Monasky v. Taglieri*, ___ U.S. ___, 140 S.Ct. 719 (2020).  As Petitioner notes, this matter has been pending since August 13, 2021, and Respondent was first served on November 3, 2021.  Dkt. #1; Dkt. #31.  Respondent requests a continuance to January 21, 2022, or a mutually agreeable date after that.  Dkt. #43 at 2.  A continuance will push the matter beyond the six-week aspirational target, but the Court will not allow an aspirational timeline to stand in the way of a reasoned and just resolution.

Petitioner further indicates that he "purchased an airline ticket to travel to King County for the December 17, 2021 evidentiary hearing" and "will arrive in Seattle on December 16, 2021."  Dkt. #44 at 3.[2]  Petitioner does not indicate when the ticket was purchased but indicates

---

[2] This is the first indication from Petitioner that he would be attending in person.

ORDER – 5

that it was done "in reliance on the court's oral ruling." *Id.* In support, Petitioner represents that the Court, at the November 18, 2021 hearing, indicated "that the December 17, 2021 evidentiary hearing would proceed whether or not a pro bono lawyer was identified for Respondent." *Id.* The Court does not share Petitioner's recollection and instead recalls counseling Respondent that she needed to attend the hearing regardless of whether an attorney had been appointed for her. Regardless, the Court's prior "oral ruling" did not constrain its inherent power to control its docket and administer justice.

The Court certainly regrets the inconvenience that a continuance will have on Petitioner and his travel plans. However, the record appears to indicate that he contemplates staying for some time. Dkt. #44 at 1 (Petitioner requesting that any continuance be conditioned on Respondent "advancing costs for Petitioner's lodging for the duration of his stay" and "an order requiring extended residential time for Petitioner and his children for the duration of his stay in Washington"). The Court further notes that Petitioner's counsel has represented, informally, that Petitioner is violating the Court's instruction that she is to provide "telephonic/video access to all three children" each day. Email from Andrekita Silva to Jessica Skelton and Justin McCarthy (Dec. 15, 2021, 19:13 PST) (subsequently forwarded to include the Court's Deputy Clerk). The Court believes that this issue and other issues related to Respondent's compliance with prior orders of this Court are best addressed, in the first instance, between counsel for the parties. To the extent the parties are unable to resolve issues of compliance, appropriate motions may follow in accordance with applicable rules. The Court will attempt to address any issues expeditiously, especially considering Petitioner's possibly limited presence in Washington.

The Court notes that Petitioner's motion requesting that the Court appoint interpreters, as discussed below, was filed and noted in a manner that did not permit the Court to fully consider the matter in advance of the December 17 hearing and did not permit adequate time for the Court

1    to make any necessary arrangements.  To the extent a continuance will permit the Court to fully

2    consider that issue, a continuance also serves Petitioner's interests.

3            Lastly, the Court notes that Petitioner's counsel has previously kept the Court apprised of

4    scheduling conflicts, *see* Dkts. ##19, 32, and does not indicate that January 21, 2022, presents a

5    scheduling conflict.  The Court will therefore schedule the hearing for the date requested.

6    **C.  Motion for Appointment of Interpreters**

7            Petitioner and Respondent both speak Spanish as their primary language.  Both have

8    provided some indication that they will need interpreters to fully follow in live hearings.

9    Petitioner's motion further indicates his concern that he will be unable to actively participate

10   without the use of an interpreter.  Dkt. #38 at 5 ("As Petitioner would not be able to understand

11   the proceedings, he would not be able to effectively testify and/or assist counsel in his

12   representation during trial.").  Petitioner indicates that securing interpreters at his cost would be

13   prohibitively expensive.  *Id.*

14           Procedurally, the Court notes that Petitioner has improperly requested that the motion,

15   filed a week before the hearing, be "heard on expedited, same day basis."  Dkt. #38 at 1.  But

16   "[m]otions to shorten time have been abolished."  Local Civil Rules W.D. Wash. LCR 6(b).

17   Petitioner's motion should have instead been noted for the Court's consideration on the "third

18   Friday after filing and service of the motion."  Local Civil Rules W.D. Wash. LCR 7(d)(3).

19   Based on Petitioner's filing date, that would be Friday, December 31, 2021.  *Id.*

20           Legally, Petitioner does not point to any applicable authorities related to the Court's

21   potential appointment of interpreters at public expense.  Petitioner points to several Washington

22   statutes, but does not explain why those provisions are applicable to this federal case in federal

23   court.  Petitioner does point to *State v. Gonzales-Morales*, 138 Wash. 2d 374, 979 P.2d 826

24

1  (1999), for the proposition that appointment of interpreters has a constitutional basis.  But that

2  case was a criminal proceeding implicating a defendants Sixth Amendment rights.

3      The Court, however, is mindful of the important role that interpreters may play in this

4  action, for both parties.  Accordingly, the Court does not deny the motion at this point.  Rather,

5  the Court will renote the motion for consideration on the correct noting date, afford the parties to

6  submit supplemental briefing, and endeavor to resolve the issue in advance of the continued

7  hearing so that proper arrangements may be made.

8  **D. Conclusions**

9      Accordingly, for the reasons stated herein, and having considered the motions, the

10  briefing, the evidence of the parties, and the remainder of the record, the Court finds and

11  ORDERS:

12    1. Petitioner's Motion/Declaration for Default Order (Dkt. #36) is DENIED.

13    2. Respondent's Motion to Continue Evidentiary Hearing (Dkt. #43) is GRANTED.  The

14       previously scheduled December 17, 2021 hearing in this matter is continued until January

15       21, 2022 at 1:00 p.m.

16    3. The Clerk shall renote Petitioner's Motion/Declaration for Appointment of Interpreter at

17       Public Expense (Dkt. #38) for consideration on December 31, 2021 (January 3, 2022 for

18       practical purposes).  Petitioner, at his option, may file a supplemental motion including

19       additional authorities no later than December 22, 2021.  Respondent may file a response,

20       if any, no later than December 29, 2021. Petitioner may file a reply, if any, no later than

21       December 31, 2021 (January 3, 2022 for practical purposes).

22  //

23  //

24  //

ORDER – 8

1    4.   The parties shall meet and confer regarding existing and anticipated issues in this matter

2       on December 17, 2021, at 11:00 a.m. or such later time as may be agreed upon by the

3       parties.

4       DATED this 16th day of December, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 9