UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FERMÍN RAMOS SOBERANO,

Petitioner,

v.

ANDREA ARREYGUE GUILLEN,

Respondent.

CASE NO. C21-1084 RSM

ORDER ON PENDING MOTIONS

This matter is before the Court in advance of the scheduled January 21, 2022 hearing and on two motions filed by Petitioner. The Court addresses the issues as follows.

**A. Factual Background**

Petitioner Fermín Ramos Soberano and Respondent Andrea Arreygue Guillen married and had three children, F.R.A. age 13, A.V.R.A. age 8, and M.R.A, age 6. The family lived together in Morelia, Michoacán, Mexico. In 2018, Respondent filed for divorce in the First Family Orality Court of the Morelia Judicial District (the "Family Court"). In those proceedings, the Family Court "entered an order prohibiting either parent from leaving the country" with the children and the parents agreed on an interim parenting plan with equal custodial rights.

Despite their agreed parenting plan, Respondent has maintained sole custody of the children since Petitioner delivered them to her on August 2, 2020, and has removed them from

Mexico to the United States. After removing them from Mexico, Respondent's attorney informed the Family Court that she was merely visiting her brother in Lynnwood, Washington. After Respondent did not return with the children, Petitioner filed a child abduction report in Mexico and the Family Court subsequently found that Respondent had violated the interim parenting plan and directed the U.S. Department of State, the United States' Central Authority under the Convention, to order her to return the children to Mexico. Subsequently, the Family Court issued an arrest warrant for Respondent for contempt of that court's orders.

**B. Procedural Background**

On August 13, 2021, Petitioner initiated this action, through counsel, by filing a Petition under the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention") and the United States' implementing statutes.[1] Dkt. #1. Petitioner, however, was unable to serve process on Respondent. Concerned that Respondent may abscond with the children once more, Petitioner sought a temporary restraining order preventing Respondent from acting to remove the children from the jurisdiction of this Court and securing phone/video visitation with the children. Dkt. #7. Because Petitioner still had not served Respondent, the Court ordered further attempts at service prior to considering the motion for a temporary restraining order. Dkt. #11.

Despite numerous additional attempts, Petitioner was still unable to effect service of process. Dkt. #18; Dkts. ##20–22; Dkt. #24. The Court, having attempted to secure Respondent's voluntary appearance and growing increasingly concerned that Respondent may be intentionally avoiding service, found that Respondent had received actual notice of the proceedings and entered a temporary restraining order that substantially granted Petitioner's

[1] Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89 (*effective* July 1, 1988).

requested relief. Dkt. #25. When Respondent still did not appear and it remained unclear whether she had received proper service, the Court converted the temporary restraining order to a preliminary injunction and ordered service by the United States Marshals. Dkt. #30. Service was finally accomplished on November 9, 2021. Dkt. #31.

After being served in this matter, Respondent appeared pro se before the Court on November 18, 2021. Dkt. #34. Despite appearing, Respondent was limited in her participation as her primary language is Spanish and she speaks only limited English. Dkt. #35. Due to the language barrier, "the Court concluded that the interests of justice would best be served by the appointment of counsel and a brief continuance of this matter for further proceedings on the merits." *Id.* at 1. Counsel was subsequently appointed and appeared on Respondent's behalf on December 15, 2021. Dkts. ##39–41.

A final evidentiary hearing in this matter is currently scheduled for January 21, 2022. Dkt. #47. In advance of the hearing, Petitioner has filed a Motion/Declaration for Appointment of Interpreter at Public Expense (Dkt. #38) and has subsequently filed a Motion/Declaration for Pretrial Schedule, Enforcement of Visitation Order, and Other Relief (Dkt. #48). Both of Petitioner's motions were incorrectly noted for the Court's consideration.[2]

---

[2] Petitioner filed his motion for appointment of interpreters on December 10, 2021, and noted it for consideration "on [an] expedited, same day basis." Dkt. #38. Petitioner's motion is not one of those identified for same day consideration in the Court's local rules. *See* W.D. WASH. LOCAL RULES LCR 7(d)(1) (identifying motions that may be noted for same day consideration). Petitioner's motion for appointment of interpreters should have been noted for consideration no sooner than December 31, 2021. *See* W.D. WASH. LOCAL RULES LCR 7(d)(3); *see also* W.D. WASH. LOCAL RULES LCR 6(b) ("Motions to shorten time have been abolished."). Similarly, Petitioner filed his motion seeking a pretrial schedule and other relief on December 23, 2021, and noted it for consideration on December 31, 2021, when it should have been noted no earlier than January 7, 2022. *See* W.D. WASH. LOCAL RULES LCR 7(d)(3).

Petitioner's motions could appropriately be denied on this basis and the Court reminds counsel for the parties that they are expected to be familiar with this Court's rules.

**C. Appointment of Interpreters**

Petitioner requests that the Court bear the expense of securing interpreter services for the hearing in this matter. Dkt. #38. Petitioner has lived his entire life in Mexico, primarily speaks Spanish, and is not fluent in English. *Id.* He anticipates that he will testify at the Court's hearing and raises the possibility that his attorney before the Mexican Family Court, also Spanish speaking, may need to testify. *Id.* at 2–3. Respondent, who also primarily speaks Spanish, joins Petitioner's request, and indicates that she will be limited in her ability to participate in these proceedings without the assistance of an interpreter. Dkt. #50 at 2.

Neither Petitioner's motion nor the mother's response identify specific authority indicating that the Court should procure interpreters for the hearing in this matter.[3] Rather, the parties focus on the cost prohibitive nature of hiring interpreters and the necessity of interpreters in resolving this matter on the merits and in a judicially expedient manner. Dkt. #38 at 5–6; Dkt. #50 at 2; Dkt. #51 at ¶ 2.

The Court finds this an extraordinary case warranting appointment of interpreters. Federal Rule of Civil Procedure 43 provides that "[t]he court may appoint an interpreter of its choosing; fix reasonable compensation to be paid from funds provided by law or by one or more parties; and tax the compensation as costs." FED. R. CIV. P. 43(d). While the general trend is against the Court bearing the cost of appointing interpreters in civil matters,[4] the Court finds the

---

[3] Petitioner relies primarily on a Washington State statute: WASH. REV. CODE § 2.43.010. Dkt. #38 at 4. Petitioner does explain why state law applies in this instance. Likewise, Petitioner relies on criminal cases finding the provision of interpreter services necessary to adequately protect a non-English speaking defendant's constitutional right to a fair trial. *Id.* Beyond noting that parents enjoy a "constitutionally protected, fundamental liberty interest in the care, custody, and control of their children," Petitioner does not explain why constitutional principals securing fair criminal trials should apply in this civil proceeding.

[4] *See e.g., Ruiz v. Woodfill*, Case No. 19-CV-2118-MCE-KJN-P, 2021 WL 1060141, at *1–2 (E.D. Cal. Mar. 18, 2021).

expense necessary here. The nature of this proceeding, the central involvement of non-English speakers, and the importance of both parents' involvement creates a unique situation. Indeed, without certified interpreters, the Court's record may not be sufficient to adequately address the important legal questions at stake in this matter. Accordingly, the Court finds this an extraordinary case requiring the use of interpreters so that the Court may properly address the matter and will arrange for the presence of certified interpreters.

The Court denies at this time, however, Petitioner's request that Respondent be required to bear the expense of securing interpreters. Dkt. #38 at 6 (citing 22 U.S.C. § 9007(b)(3)). While the Court notes the federal statute providing for the apportionment of costs in a proceeding such as this, the Court determines that the request is currently premature. The parties, and the Court, may revisit the issue at a later junction, if appropriate.

**D. Pre-Hearing Schedule**

Petitioner has additionally requested that the Court set certain deadlines in advance of the January 21, 2022 hearing. At the outset the Court notes the tight timelines involved in this matter. Respondent's attorneys have only recently become involved, while Petitioner feels he may be prejudiced by the short periods in which to rebut Respondent's defense. However, the Court notes its own expectations that the parties work cooperatively, and that several of the deadlines at issue have passed with substantially agreeable resolutions. The Court notes the parties' concerns,[5] but finds the following schedule appropriate:

//

//

//

[5] Petitioner's argument that any deviation from his proposed schedule will be prejudicial is overly conclusory. While the schedule is tight, Petitioner does not demonstrate that it is prejudicial.

| **Hearing Date (virtually through zoom.gov):** | **January 21, 2022** |
|---|---|
| Respondent's Answer to the Petition | Filed January 7, 2022 |
| Exchange of Witness and Exhibit Lists | Filed January 7 and 10, 2022 |
| Prehearing Statements, Motions in Limine, and Rebuttal Documents | Due January 14, 2022 |
| Responses to Motions in Limine | Due January 19, 2022 |
| Stipulated Facts and Combined Witness and Exhibit List (subject to final rulings on motions in limine) | Due January 20, 2022 at 12:00 p.m. |

**E. Enforcement of Visitation**

Petitioner maintains that Respondent is not satisfying her obligations under the Court's preliminary injunction to

> provide Petitioner daily telephone and/or video chat visits with the children for a period of not less than twenty (20) minutes per day. Such video chat access shall be initiated by Respondent, except that F.R.A. may communicate directly with Petitioner using his own cell phone. Respondent shall not impose limitations on these communications.

The parties dispute the extent to which Respondent may be violating the terms of the Court's preliminary injunction. Dkts. ##48, 50–51, 53, 55.

The Court first notes that Petitioner purports to seek enforcement of the injunction as written, despite negotiating different parameters governing Petitioner's phone/video visits on the same day the Court granted injunctive relief. Dkt. #48 at 4 (indicating that the parents agreed, through Family Court counsel, for longer calls four times a week). Petitioner cannot simultaneously complain that Respondent is not complying with aspects of the injunction as written and that Respondent is not complying with different aspects of the parties' subsequent agreement. The Court ordered specific relief. Petitioner agreed to alterations of that relief. Petitioner cannot now complain that Respondent is not complying with the obligations originally ordered by the Court.

Further, and taken as a whole, this "dispute" is capable of resolution absent Court intervention. Petitioner's primary complaint appears to be that Respondent is not herself

initiating the phone/video calls. While the distinction has caused Petitioner undue difficulties, Respondent appears to accept her obligation to facilitate these visits. Further, Petitioner seeks an admonishment of Respondent for interfering with visitations. But the Court sees little benefit in further ordering Respondent's compliance with prior orders, obligations with which she appears familiar.

Respondent should heed Petitioner's complaints and the direction of her counsel. The Court's order intended to assure that Petitioner be afforded adequate access to his children to maintain their familial bond. While the Court agrees that the children should not be forced to participate, Respondent should encourage and facilitate participation in accordance with the parties' agreement. So long as the primary objective is achieved, the Court will not concern itself with minor quibbles that are capable of reasonable resolution by reasonable counsel.

**F. In Person Visitation**

Anticipating that he may attend the Court's hearing in person, Petitioner seeks an order of the Court facilitating in-person visitation. Dkt. #48 at 2. Respondent objects and maintains that any such visitation should occur under supervision. Again, the Court believes that these disputes can be resolved through reasonable counsel. Petitioner is the children's father. Absent safety or abduction concerns—neither of which are alleged—, a basis for requiring supervised visitation is not readily apparent. Afforded the reasonable opportunity to facilitate visitation after Petitioner has undertaken significant travels, Respondent should do so. But the Court will not address abstract disputes before they materialize. The parties may raise the issue again should reasonable disputes develop.

**G. Passports**

The Court previously ordered Respondent to surrender passports and travel documents to the Court. Petitioner believes Respondent has intentionally delayed surrendering the documents

to the Court.[1] Regardless, the Court is now aware that Respondent has surrendered the documents to the Clerk of Court and the docket will be updated to reflect this.

**H. Bonding**

Lastly, Petitioner complains that Respondent has not posted a $25,000 bond to secure compliance with her obligations under the Court's preliminary injunction. This requirement was imposed prior to Respondent's appearance in this matter and was intended to secure Respondent's and the children's presence through further proceedings. To date Petitioner complains of minor or technical violations of the Court's preliminary injunction, none of which demonstrate that Respondent is likely to abscond once again and jeopardize these proceedings. *See also* Dkt. #53 (Petitioner omitting issue of bonding in his reply). At this juncture, a bond does not appear necessary and would impose a significant financial strain upon Respondent. Dkt. #51 at ¶ 3. The Court is satisfied by Respondent's appearance and continued attention to these matters and at this time will waive the bond requirement previously set forth.

**I. Conclusion**

Having considered Petitioner's motions, the responsive briefing and documentation, and the remainder of the record, the Court finds and ORDERS that:

1. Petitioner's Motion/Declaration for Appointment of Interpreter at Public Expense (Dkt. #38) is GRANTED. The Court will arrange for the presence of certified Spanish-English interpreters at the January 21, 2022 hearing.

//

[1] Respondent testifies that she has attempted to surrender the documents. Dkt. #51 at ¶ 4 (Respondent testifying that "[o]n December 23, 2021, [she] attempted to deliver all passports and other travel documents held in my name and in the name of the children to the Clerk of the Court for the United States District Court for the Western District of Washington").

2. Petitioner's Motion/Declaration for Pretrial Schedule, Enforcement of Visitation Order, and Other Relief (Dkt. #48) is GRANTED in part and DENIED in part as set forth above.

3. The Court sets the following prehearing schedule:

| **Hearing Date (virtually through zoom.gov):** | **January 21, 2022** |
|---|---|
| Respondent's Answer to the Petition | Filed January 7, 2022 |
| Exchange of Witness and Exhibit Lists | Filed January 7 and 10, 2022 |
| Prehearing Statements, Motions in Limine, and Rebuttal Documents | Due January 14, 2022 |
| Responses to Motions in Limine | Due January 19, 2022 |
| Stipulated Facts and Combined Witness and Exhibit List (subject to final rulings on motions in limine) | Due January 20, 2022 at 12:00 p.m. |

DATED this 12th day of January, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE