UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FERMÍN RAMOS SOBERANO, | CASE NO. C21-1084 RSM |
| Petitioner, | ORDER DENYING PETITION AND DISSOLVING PRELIMINARY INJUNCTION |
| v. | |
| ANDREA ARREYGUE GUILLEN, | |
| Respondent. | |

This matter is before the Court on Fermín Ramos Soberano's Verified Petition for Return of Children Under the Convention on the Civil Aspects of International Child Abduction. Dkt. #1. Petitioner Fermín Ramos Soberano seeks a court order returning his three minor children—F.R.A. age 13, A.V.R.A. age 8, and M.R.A. age 6—to Mexico, in accordance with the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention")[1] and the United States' implementing statutes. Dkt. #1 at ¶¶ 1.1–1.3. Petitioner argued that the children's mother, Respondent Andrea Arreygue Guillen, unlawfully removed the children from Mexico in August 2020 and brought them to Lynnwood, Washington. Respondent maintains

---

[1] Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89 (*effective* July 1, 1988).

ORDER – 1

that the children should remain with her in Lynnwood where they have lived since leaving Mexico.

On January 21, 2022, the Court held a hearing on the Petition, allowing the parties to present the evidence relevant to their legal positions. Dkt. #75. Following the hearing, on February 4, 2022, the parties submitted final briefing and proposed findings of fact and conclusions of law. Dkts. ##77–80.

On February 17, 2022, Respondent informed the Court that the parties reached a settlement agreement (the "Settlement Agreement") in the First Family Orality Court of the Morelia Judicial District (the "Family Court") in Michoacán, Mexico. Dkts. ##81–82. The Court then ordered the parties to appear and (1) inform the Court on the status of this matter, (2) to show cause why this matter should not be dismissed and the preliminary injunction dissolved, and (3) to discuss issues remaining for resolution. Dkt. # 83. Prior to the hearing Respondent filed a translated copy of the Settlement Agreement along with a Notarized Certification of True and Accurate Translation provided by Juan Vaquer, Jr., a United States Court Federally Certified English and Spanish Interpreter. Dkts. ##84–85. The Settlement Agreement provides that "[c]ustody of the [children] shall be provided by Mrs. Andrea Arreygue Guillen" at her residence in Lynnwood, and that Petitioner "accepts [the children] staying and residing" with Respondent in Lynnwood. Dkt. #85, Ex. A. At the show cause hearing on February 24, 2022, Petitioner neither disputed the authenticity of the Settlement Agreement nor the Petitioner's signature on said agreement. As a result, the Settlement Agreement establishes that the parties have agreed that the children should continue residing with the Respondent in Lynnwood, Washington thereby resolving this matter.

//

//

ORDER – 2

In light of the parties' Settlement Agreement, the Court finds and ORDERS as follows:

1. The Petition, Dkt. #1, is DISMISSED.
2. The Preliminary Injunction, Dkt. #30, is DISSOLVED.

DATED this 24th day of February, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3